# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| GINO ROMANO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KIM KARDASHIAN, LINDSAY LOHAN, KOURTNEY KARDASHIAN, KHLOE KARDASHIAN, and LAMAR ODOM,<br><br>　　　　Defendants. | Cause No. CV 12-00109-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Gino Romano's Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint. (Dkt. 2). Romano is proceeding without counsel.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the

proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Romano makes wild and implausible accusations against a number of celebrities. He alleges he is in fear for his life and seeks a restraining order. Romano's allegations are fantastic, delusional, irrational, and frivolous and do not state the basis for the Court's jurisdiction. Any tort claims against Defendants under these facts would be under state law and Romano does not allege how diversity jurisdiction applies.

It is believed that "Gino Romano" is an alias utilized by Jonathan Lee Riches. *See Jonathan Lee Riches a/k/a Gino Romano v. Defcon, 2600.com d/b/a Nevada Chutlines*, No. 2:06cv00293 BES-PAL, Doc. 1 (D. Nev. March 8, 2006) (complaint filed by Riches for allegedly exploiting his "hacker identity" name at defendant's annual hacker convention); *Riches v. Cochran*, No. 09–132–JJF, 2009 WL 928426, *1 (D. Del.) (concluding that Riches committed fraud on the court by naming "Gino Romano," which is Riches' alias, as an additional plaintiff and ordering him to show cause why filing restrictions should not be imposed); *Kramer v. City of Oswego*, No. 3:12-cv-927 HA Doc. 6 (D. Ore. June 4, 2012) (Riches' motion to intervene brought in his own name and listing the same address he currently used as the address of "Gino Romano").

Riches is no stranger to this Court, having filed seven cases here since 2008. He is a felon who was released from federal prison on April 30, 2012.[1] A review of the federal database shows that Riches has filed complaints or moved to intervene in at least 2600 cases under his own name and has filed more than 36 complaints or motions to intervene under the alias "Gino Romano." Riches, using the "Gino Romano" alias, has filed 22 lawsuits this month alone, 19 of which are similar lawsuits against the Kardashians in federal courts in Tennessee, Maryland, Pennsylvania, Florida, Massachusetts, New Mexico, Texas, Washington, Kentucky, Arizona, Iowa, West Virginia, and Wyoming.

Lastly, the Court notes that the Complaint filed herein alleges incidents occurring in Missoula, Montana just two days after Riches's release from prison even though the listed address for Riches/Romano is New York.

Given the frivolous, delusional, and completely implausible nature of the allegations in the current Complaint and Riches's extensive history of filing outrageous complaints, the Motion to Proceed in Forma Pauperis should be denied, the Motion for Preliminary Injunction and Temporary Restraining Order denied, and this matter dismissed.

Riches/Romano is not entitled to a ten-day period to object. *See Minetti v.*

---

[1]*See* www.bop.gov

*Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the Motion to Proceed in Forma Pauperis (Dkt. 1) be denied, the Motion for Preliminary Injunction and Temporary Restraining Order (Dkt. 2) be denied, and this matter dismissed. The Clerk of Court should be directed to terminate all pending motions, close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 26th day of June, 2012.

_____
Jeremiah C. Lynch
United States Magistrate Judge